IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAKEBA THOMPSON, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:13-CV-1748-D |
| VS. § | |
| § | |
| THE KROGER COMPANY d/b/a § | |
| KROGER #450, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from a slip and fall at a Kroger store, defendants move for summary judgment. For the reasons that follow, the court grants the motion in part and denies it in part.[1]

I

Plaintiff Makeba Thompson ("Thompson") brings this lawsuit against defendants the Kroger Company d/b/a Kroger #450 and Kroger Texas, L.P. d/b/a Kroger Texas, LP #450 and/or Kroger #450 (collectively, "Kroger") arising from a slip and fall that occurred in the women's restroom at a Kroger store in Mesquite, Texas. Thompson asserts claims for respondeat superior, premises liability, or, alternatively, negligent activity. Kroger moves

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

for summary judgment dismissing Thompson's claims. Thompson concedes in response that her negligent activity claim should be dismissed,[2] she appears to treat her respondeat superior claim as a predicate for her premises liability claim rather than as a stand-alone theory of liability,[3] and she opposes Kroger's motion to the extent it seeks dismissal of her premises liability claim.[4]

II

Because Kroger will not have the burden of proof at trial on Thompson's premises liability claim, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support the claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once it does so, Thompson must go beyond her pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*,

---

[2]*See* P. Resp. 1 ("Plaintiff now acknowledges she has no evidence to support her claim for negligent activity and that her claims are more properly cognizable as premises claims, and that the general negligence claim (negligent-activity claim) may be dismissed.").

[3]In its brief, Kroger contends that Thompson cannot recover on a theory of respondeat superior, reasoning that because she "has not shown Defendant committed a tort, [her] claims of respondeat superior fail as well." Ds. Br. 10. In Thompson's response, she maintains that "Defendants do not contest that Kroger is vicariously liable for any employees who had actual or constructive notice of the slippery floor and failed to take reasonable steps in response thereto. Accordingly, Mrs. Thompson does not separately address such argument." P. Br. 7. Essentially, Thompson is not asserting a stand-alone respondeat superior claim; instead, she is asserting that Kroger is liable on a premises liability theory for the acts or omissions of its employees.

[4] Thompson filed her response on February 3, 2014. Kroger's reply brief, if any, was due on February 18, 2014. *See* N.D. Tex. Civ. R. 7.1(f) (providing that reply brief is due 14 days after response filed; because February 17, 2014 was a federal holiday, the reply was due the next business day). Kroger has not filed a reply brief, and its summary judgment motion is now ripe for decision.

37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Thompson's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thompson's failure to produce proof as to any essential element renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Thompson fails to meet this burden. *Little*, 37 F.3d at 1076.

### III

Kroger has pointed to the absence of evidence that Kroger had actual or constructive knowledge of any hazard, or that Kroger failed to exercise reasonable care to reduce or eliminate the alleged risk, each of which is an essential element of Thompson's premises liability claim. Because Kroger has pointed to the absence of evidence to support these essential elements, Thompson is obligated to produce evidence that would permit a reasonable jury to find in her favor. Thompson has satisfied this obligation.[5]

Thompson alleges that she slipped when entering the women's restroom due to the presence of water on the floor. She has introduced evidence that there was a large amount of water all over the floor of the women's restroom, that the entire restroom was flooded, and that there was water on the floor coming from under the door of the restroom into the

---

[5]"When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).

hallway. She has introduced evidence that the restroom was located in an area near a doorway that Kroger employees used to go to and from the back of the store. The Customer Incident Report that Kroger completed states that "water was on the outside of the [bathroom] door in the hallway." P. App. [5] (bracketed material added).[6] It also states that the incident occurred in the "hallway outside of bathrooms." *Id.* There is at least circumstantial evidence that Kroger had constructive knowledge of the water hazard and that it failed to exercise reasonable care to reduce or eliminate the risk posed by it. The court therefore denies Kroger's motion for summary judgment to the extent addressed to Thompson's premises liability claim.

\* \* \*

Kroger's January 13, 2014 motion for summary judgment is granted as to Thompson's negligent activity claim and denied as to her premises liability claim. The court treats Thompson's respondeat superior claim as a predicate for establishing Kroger's liability on her premises liability claim rather than as a stand-alone claim.

**SO ORDERED**.

February 19, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[6]The court has supplied the page number that Thompson should have used in paginating her appendix. *See* N.D. Tex. Civ. R. 7.(i)(4).